UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TATE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA APPELLATE ATTORNEYS, et al.,<br><br>    Defendants.<br>_____/ | No. C 14-0080 NC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California inmate on death row at San Quentin State Prison, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
2 a right secured by the Constitution or laws of the United States was violated, and (2) that the
3 violation was committed by a person acting under the color of state law. See West v. Atkins,
4 487 U.S. 42, 48 (1988).

5    The complaint has several defects and must be dismissed with limited leave to amend.
6 First, plaintiff has no standing to complain about problems experienced by any other inmate.
7 "[A] litigant appearing in propria persona has no authority to represent anyone other than
8 himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). His complaint is quite
9 generic, and is one of several from death row inmates who have filed complaints urging
10 similar theories.[1] For example, rather than provide any information about the delay, if any,
11 that he has experienced in his own appeal, he alleges that in California it generally takes five
12 to seven years for appointment of appellate counsel, and seventeen years for appointment of
13 counsel on state habeas. Docket # 1, p. 4. Plaintiff should know the facts of his own case,
14 e.g., when he was convicted and sentenced, when his appellate attorney was appointed, if and
15 when his appellate brief and reply briefs were filed, and whether state habeas counsel has
16 been appointed for him. Plaintiff must confine his amended complaint to allegations about
17 his specific factual situation, and not about the death penalty in general. His amended
18 complaint must have "a short and plain statement of the claim showing that the pleader is
19 entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement
20 need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon
21 which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotation
22 marks omitted). Although a complaint "does not need detailed factual allegations, . . . a
23 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
24 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
25 will not do. . . . Factual allegations must be enough to raise a right to relief above the

---

[1] See, e.g., Theodore Shove v. Brown, N. D. Cal. Case No. C 12-211 RMW; Duff v. Brown, N. D. Cal. Case No. 12-529 EMC; Paul Bolin v. Brown, N. D. Cal. Case No. C 12-637 PJH; Vieira v. Brown, E. D. Cal. Case No. 12-cv-0044-AWI-MJS.

2

speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Second, some of plaintiff's claims impliedly call into question his conviction, such as his assertions that he has been denied effective assistance of counsel on appeal, and that the slow process for challenging capital convictions impedes the investigation and presentation of evidence necessary to obtain a reversal. Plaintiff may not assert any § 1983 claim that would call into question the validity of his conviction as long as the conviction remains in place. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed. The Heck rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Third, the complaint does not link any defendant to a legal claim. In his amended complaint, plaintiff must be careful to allege facts showing the basis for liability for each defendant for each of his legal claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of

3

them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Fourth, some of the claims are dismissed without leave to amend because they are legally meritless in ways that are not curable by amendment. The claim that the slowness in the process of challenging criminal convictions amounts to a suspension of the writ of habeas corpus in violation of the federal constitution is dismissed because that provision has no application to the states. See Gascquet v. Lapeyer, 242 U.S. 367, 369 (1917). The claim that plaintiff has a conflict with his appellate and habeas counsel is dismissed because (in addition to the potential Heck problem with such a claim), the appointed attorneys are not acting under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions in state criminal proceedings. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).

Finally, the declaratory and injunctive relief requests in the complaint are not understandable. Plaintiff must allege with more clarity the specific injunctive and declaratory relief he requests. In light of the Heck problem mentioned earlier, as well as the rule that a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive federal avenue to challenge the fact or duration of one's confinement, it is particularly important that the scope of the requested relief be understood.

## CONCLUSION

1. The complaint is dismissed with leave to amend. If plaintiff believes he can cure the above-mentioned deficiencies in good faith, plaintiff must file an AMENDED COMPLAINT within **twenty-eight (28) days** from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (14-0080 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to**

4

**file an amended complaint within the designated time and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**  The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

2.   Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   March 13, 2014

NATHANAEL M. COUSINS
United States Magistrate

5